UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVRIM GUNDOGDU<br>　　　　　　　　　　　　　Plaintiff<br><br>　　　　-against-<br><br>CITY OF NEW YORK,<br>　NYPD OFFICER DOE, 14th Pct.<br><br>　　　　　　　　　　　　　Defendants | Index No. 08 cv 2465 (NRB)(AJP)<br>ECF Case<br><br>COMPLAINT<br><br>A Jury Trial is Demanded |

Plaintiff DEVRIM GUNDOGDU by her attorneys, The Law Office of Ronald L. Kuby, brings this action to redress violations of her civil and legal rights under federal and New York State law, and alleges as follows:

## NATURE OF THE CASE

Plaintiff was falsely arrested by defendant NYPD officer and detained for approximately 24 hours, leading to continuing mental pain and anguish.

## JURISDICTION

1.　This Court has jurisdiction under 42 U.S.C.A. §1983

2.　This court has jurisdiction over New York State causes of action herein stated under principles of pendant jurisdiction.

## VENUE

3.　Venue in this District is proper under 28 U.S.C. §1391 in that defendant City of New York is administratively located within the Southern District of New York.

## NOTICE

4.　Notice to the City of New York pursuant to NY Gen. Mun. Law §50-e, was timely filed. A hearing pursuant to Gen. Mun. Law §50-h was held on February 19,

1

2008.

## PARTIES

5. Plaintiff was at all times relevant a citizen of the Republic of Turkey, residing on the date of the incident in Queens County.

6. Defendant City of New York is and was at all times relevant a municipal corporation created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the hiring and training of police officers, as well as to the maintenance of a police force as said risk attaches to the public consumers of the services provided by members of the New York City Police Department. Defendant City of New York was at all times relevant the public employer of defendant police officers.

7. Defendant Police Officer was at all times relevant a member of the New York City Police Department. While on duty as a police officer, she caused the injuries complained of herein.

8. At all times relevant herein, the defendant officer was acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, the City of New York, and the New York City Police Department.

## FACTS

9. On Tuesday evening, November 13, 2007, approximately 9pm, at 31st Street near Broadway in Astoria, Queens, plaintiff, while driving a car, was stopped at a routine road check by New York City police officers.

10. Defendant police officer requested her driving documents.

11. Plaintiff provided a currently valid Turkish drivers license along with an multi-page booklet denominated "International Translation of Driver's License."

12. The booklet conformed to the standards established for by the 1949 United Nations convention on road traffic and safety, of which the United States is a signatory.

13. Said booklet consisted primarily of a translation of the driver's official driver' license. It displayed a photograph and identifying information concerning the driver.

14. Plaintiff also handed to the officer a card-size version of the license translation, likewise bearing her photograph and identifying information as well as text reading "Translation of foreign drivers license valid with original only."

15. The officer removed the documents to a police van in the vicinity and, on information and belief, conferred with another officer.

16. Defendant officer returned and placed plaintiff under arrest for possession of a forged instrument.

17. Plaintiff was taken in handcuffs to another police van, where she joined five or six other handcuffed motorists who had been arrested at the checkpoint.

18. After approximately an hour the group was driven to the 114th precinct in Astoria, Queens. Plaintiff was cuffed to a bar on the wall from approximately 10:30pm to 2:30am, with interruptions to make a phone call and to visit the toilet.

19. At 2:30am she was taken to Queens Central Booking where she was processed and held until approximately 9pm.

20. She appeared before a judge and was released.

21. She was not required to return to court. On information and belief the charges were dismissed.

22. Plaintiff suffered significant emotional distress. As a result she entered into and remains in treatment.

## CAUSES OF ACTION

23. Plaintiff incorporates by reference every fact allegation in this Complaint as if fully set forth in every Cause of Action hereunder.

## FIRST:
## 42 USC §1983 DEPRIVATION OF CIVIL RIGHTS
## FALSE ARREST

24. Defendant police officer arrested plaintiff without reasonable cause or justification, in violation of her rights under the constitution and laws of the United States and of the state of New York.

## SECOND:
## LIABILITY OF DEFENDANT CITY OF NEW YORK FOR CIVIL RIGHTS VIOLATIONS

25. Defendant police officer's conduct was a direct consequence of policies and practices of the New York City Police Department and New York City, including the failure to properly train and supervise.

## THIRD:
## FALSE ARREST AND IMPRISONMENT UNDER STATE LAW

26. Defendant did not have reasonable cause to arrest plaintiff. Her detention for 24 hours constitutes unjustified imprisonment.

## FOURTH:
## FAILURE TO TRAIN AND SUPERVISE - MISCONDUCT

27.     The misconduct of defendant police officer was a direct result of City of New York's and its police department's failure to properly train and supervise.

### TWELFTH:
### *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

28.     The injuries and damage complained of herein are attributable to defendant City of New York under the doctrine of *Respondeat Superior*.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

A.     Injunctive relief, in that this Court should compel defendant City of New York to properly train its police officers.

B.     Declaratory relief in that this Court should declare that the conduct of the defendants herein violated plaintiff's constitutional rights;

C.     Compensatory damages;

D.     Punitive damages;

E.     Costs and interest and attorney's fees;

F.     Such other and further relief as this court may deem appropriate and equitable in the interests of justice.

Dated:     New York, New York
           February 27, 2008          /s/
                                      _____
                                      George Wachtel [GW5921]
                                      Law Office of Ronald L. Kuby
                                      119 West 23st., Suite 900

5

New York, NY 10011
(212) 529-0223

**<u>VERIFICATION</u>**

STATE OF NEW YORK    :
                     :ss.:
COUNTY OF NEW YORK :

Devrim Gundogdu, plaintiff herein, being duly sworn, deposes and says as follows: I have read the above complaint and it is true, except as to those parts identified as on information and belief, and as to those I believe them to be true.

/s/

Devrim Gundogdu

Sworn to before me this    5th        day of    March            ,2008