UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DEVRIM GUNDOGDU,

                              Plaintiff,

        -against-

CITY OF NEW YORK, NYPD OFFICER DOE, 14th Pct.,

                              Defendants
-------------------------------------------------------------------X

**ANSWER**

08 CV 02465 (NRB) (AJP)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Deny the allegations set forth in the first unnumbered paragraph of the Complaint.

        2. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        3. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        4. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        5. Deny the allegations set forth in paragraph "4" of the Complaint, except that a Notice of Claim was received by the office of the Comptroller.

        6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

7. Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

8. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, as it pertains to an unidentified person.

9. Paragraph "8" of the Complaint contains conclusions of law to which no response is required.

10. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff was stopped on November 13, 2007 at a safety checkpoint at the southwest corner of Broadway and 31st Street in Queens.

11. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

12. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

13. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

14. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

15. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

16. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

17. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

18. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

19. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

20. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

21. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

22. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

23. Deny the allegations set forth in paragraph "22" of the Complaint.

24. In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-23" inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "24" of the Complaint.

26. Deny the allegations set forth in paragraph "25" of the Complaint.

27. Deny the allegations set forth in paragraph "26" of the Complaint.

28. Deny the allegations set forth in paragraph "27" of the Complaint.

29. Deny the allegations set forth in paragraph "28" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

30. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

31. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant City.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

33. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

34. There was probable cause for the plaintiff's arrest and detention.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

35. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

36. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

37. The 14th Precinct is a non-suable entity.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 30, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorneys for Defendant City of New York
                        100 Church Street
                        New York, New York 10007
                        (212) 788-9580

By:   /s/
      Afsaan Saleem
      Senior Counsel

TO:   George Wachtel, Esq. (By ECF)
       Law Office of Ronald L. Kuby

Index No. 08 CV 02465 (NRB) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVRIM GUNDOGDU,

                              Plaintiff,

-against-

CITY OF NEW YORK, NYPD OFFICER DOE, 14th Pct.,

                              Defendants

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Afsaan Saleem*
*Tel: (212) 788-9580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2007..*

*................................................................... Esq.*

*Attorney for ................................................................*